Robert L. Sallander, Jr. (SBN 118352)
rsallander@gpsllp.com
Helen H. Chen (SBN 213150)
hchen@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
2000 Crow Canyon Place, Suite 380
San Ramon, California 94583
Telephone:    925-866-1000
Facsimile:    925-830-8787

Attorneys for Plaintiff
NAVIGATORS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY, a New York Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ATS CONSOLIDATED, INC. aka AMERICAN TRAFFIC SOLUTIONS, INC., a Delaware Corporation; THE HERTZ CORPORATION, a Delaware Corporation<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMPLAINT AND DEMAND FOR JURY TRIAL

**GENERAL ALLEGATIONS**

1. Navigators Insurance Company ("Navigators") is a corporation, organized and existing under the laws of the State of New York, with its principal place of business in New York City. Navigators is in the business of insurance and issued its policy number CH16DOL6146021V to ATS Consolidated, Inc. for the policy period from October 24, 2016 to October 24, 2017 (hereinafter the "Navigators Policy").

2. The Navigators Policy provides Directors and Officers Liability Coverage on a claims-made-and-reported basis with limits of liability of $5 million for all Loss subject to various terms and conditions. The Navigators Policy does not impose on Navigators any duty to defend, but specifically disavows any defense obligation. **Exhibit 1** is a true and correct copy of the Navigators Policy.

3. Navigators is informed and believes and thereon alleges that ATS Consolidated, Inc. aka American Traffic Solutions, Inc. ("ATS") is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in Scottsdale, Arizona. ATS is in the business of, among other things, providing toll management solutions for rental car fleets. PlatePass is one of ATS's products.

4. PlatePass is an automated Electronic Toll Payment Service that enables rental car customers to use high-speed, cashless toll lanes to avoid having to stop and pay tolls with cash. PlatePass coverage is available in all major tolling regions, and is offered by rental car companies such as Hertz.

5. Navigators is informed and believes and thereon alleges that The Hertz Corporation is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in Estero, Florida. Hertz is in the business of renting vehicles to customers around the world, including in New Jersey, Florida and California.

6. Navigators is informed and believes and thereon alleges that on January 31, 2006 Hertz and ATS entered into a written agreement titled "PlatePass$^{TM}$ Toll Processing Services Agreement" pursuant to which Hertz could offer ATS's PlatePass Services to Hertz's rental car

customers. Pursuant to the "PlatePass™ Toll Processing Services Agreement", Hertz committed to "develop a marketing campaign to promote the PlatePass program." Navigators is informed and believes and thereon alleges that Hertz's PlatePass marketing program included, among other things, notices and disclosures provided to rental car customers at the time of rental.

7. Navigators is informed and believes and thereon alleges that on December 28, 2016, Hertz and ATS entered into a written agreement titled "Master Services Agreement" that superseded the "PlatePass™ Toll Processing Services Agreement" and other agreements between Hertz and ATS. Pursuant to the Master Services Agreement, Hertz agreed to defend, indemnify and hold ATS harmless from and against all claims that result from Hertz's performance under the Master Services Agreement or any Statement of Work entered by the parties pursuant to the Master Services Agreement.

8. Navigators is informed and believes and thereon alleges that pursuant to the Master Services Agreement, ATS and Hertz entered into an agreement titled "Toll Processing Statement of Work" pertaining to the use of ATS's PlatePass system by Hertz and its rental car customers. According to the statement of work, Hertz was "solely responsible, at its sole expense, for adequate disclosure to (and obtaining consent from, if required) Renters through the use of the Rental Agreements, inserts or brochures, signature captures devices, rental receipts, (collectively the "Disclosure Materials") and/or through HERTZ personnel, related to the PlatePass® Services (including, if applicable, third party payment processing disclosures)."

9. On March 1, 2017, The People of the State of California, acting through San Francisco City attorney Dennis J. Herrera, filed a complaint against ATS and Hertz in San Francisco County Superior Court, case no. CGC-17-557336 (hereinafter the "Underlying Action"). On March 1, 2017, The People of the State of California filed a Complaint in the Underlying Action. **Exhibit 2** is a true and correct copy of the Complaint in the Underlying Action.

10. Plaintiff in the Underlying Action alleges that ATS's and Hertz's advertising description, deployment and management of PlatePass on Hertz rental cars violates California

Business & Professions Code sections 17200 and 17500. In particular, Plaintiff in the Underlying Action alleged that ATS and Hertz automatically enrolled rental car customers in PlatePass without notice, charged customer credit cards without authorization and failed to adequately disclose service fees and certain toll-related charges associated with Hertz customers' use of PlatePass. Plaintiff in the Underlying Action seeks injunctive relief, restitution, civil penalties and costs of suit, including costs of investigation.

11.  ATS notified Navigators of the Underlying Action and demanded that Navigators reimburse ATS for attorney's fees, costs and expenses incurred by ATS in defending against the Underlying Action. ATS did not notify Navigators that ATS and Hertz had been sued previously over PlatePass in actions with allegations substantially similar to the allegations in the Underlying Action. To wit:

   a. On December 10, 2009, seven years before the Navigators policy period began, Susan Doherty filed suit against ATS and Hertz in the Burlington County, New Jersey Superior Court that defendants therein later removed to the United States District Court for the District of New Jersey, Civil No. 10-359-NLJ-KMW (the "Doherty Action").

   b. On March 26, 2010, Dwight Simonson sued ATS and Hertz in the United States District Court for the District of New Jersey (the "Simonson Action"). The Court consolidated the Doherty Action and the Simonson Action, in which plaintiffs sought injunctive relief, restitution, civil penalties and costs of suit on a class-action basis, including Hertz customers' use of PlatePass in the San Francisco Bay Area. **Exhibit 3** is a true and correct copy of the Consolidated Amended Class Action Complaint in the Doherty/Simonson Action.

   c. On September 16, 2010, six years before the Navigators policy period began, James Soper filed a class action lawsuit against ATS in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, case number CACE 10-0460905 (08) (the "Soper Action").

      d. The plaintiffs in the Soper Action, the Simonson Action and the Doherty Action alleged, among other things, that Hertz and ATS automatically enrolled rental car customers in PlatePass without notice, charged customer credit cards without authorization and failed to adequately disclose service fees and certain toll-related charges associated with Hertz customers' use of PlatePass.

      e. Navigators is informed and believes and thereon alleges that the Soper Action, the Simonson Action and the Doherty Action were each settled prior to the Navigators policy, the Doherty Action and Simonson Action for more than $11 million.

    12. On May 11, 2017, unaware of the Soper Action, the Simonson Action and the Doherty Action, Navigators issued a reservation of rights letter to ATS regarding the Underlying Action. **Exhibit 4** is a true and correct copy of that letter.

    13. In January 2018, subject to its reservation of rights letter, and still unaware of the Soper Action, the Simonson Action and the Doherty Action, Navigators reimbursed ATS for a portion of the attorney's fees, costs and expenses ATS had incurred in defending against the Underlying Action – approximately $202,000.

    14. Sometime between January 2018 and March 7, 2018, Navigators became aware of the Soper Action, the Simonson Action and the Doherty Action.

    15. The Soper Action, the Simonson Action and the Doherty Action were for conduct that was "logically or causally connected by reason of . . . common fact, circumstance, situation, transaction, event or decision" to the conduct alleged in the Underlying Action, thus qualifying as "related wrongful acts" as that term is defined in the Navigators Policy.

    16. Section VIII.B of the Navigators Policy provides in relevant part that "all **Claims** involving the same **Wrongful Act** or **Related Wrongful Acts** of one or more **Insureds** will be considered a single **Claim**, and will be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such **Claim** was first made . . . ." By virtue of Section VIII.B, the Underlying Action was deemed to have been made on December 10, 2009, seven

years before the Navigators policy period began, and therefore was not a claim first made against ATS during the Navigators policy period.

17. On March 7, 2018, Navigators advised ATS that there was no coverage under the Navigators Policy for the Underlying Action because the Underlying Action was not a claim first made against ATS during the Navigators policy period. **Exhibit 5** is a true and correct copy of the disclaimer letter to ATS dated March 7, 2018.

18. Navigators is informed and believes and alleges thereon that ATS disagrees with Navigators' position. ATS continues to demand coverage and reimbursement from Navigators for attorney's fees, costs and expenses that ATS has and continues to incur to defend the Underlying Action. Navigators is further informed and believes and alleges thereon that the amount ATS seeks from Navigators exceeds $75,000, exclusive of interest and costs.

19. A real and actual controversy exists between Navigators and ATS. Navigators desires a judicial determination of its rights and obligations under the Navigators Policy regarding ATS's claim for coverage for the Underlying Action, and seeks recovery from ATS of sums Navigators' has already paid to ATS as reimbursement for Costs of Defense of the Underlying Action.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity between the parties, plaintiff Navigators being a citizen of the State of New York and defendants ATS and Hertz being citizens of the State of Delaware and the amount in controversy exceeding $75,000, exclusive of interest and costs.

21. Venue is proper in this Judicial District because the Underlying Action is pending in the Superior Court of California In and For the County of San Francisco County, and the conduct of ATS and Hertz for which ATS seeks coverage under the Navigators Policy took place in, among other places, San Francisco County.

# FIRST CAUSE OF ACTION

(Against ATS For Declaratory Relief – Related Wrongful Acts)

22. Navigators incorporates the allegations in paragraphs 1 through 21 of this complaint as though fully set forth in this cause of action.

23. An actual controversy has arisen and now exists between Navigators and ATS concerning Navigators' duties under the Navigators Policy. Under **Section I. Insuring Agreements** of the Directors and Officers Liability Coverage Part, the policy provides in relevant part that:

> **C.** . . . The Insurer will pay to or on behalf of the **Company** all **Loss** which the **Company** is legally obligated to pay as a result of a **Claim** first made against it during the **Policy Period** or the Discovery Period, if purchased, for a **Wrongful Act** by the **Company**.

24. This coverage grant is specific in its requirement that to be covered, something qualifying as a "claim," as that term is defined by the policy, must be first made during the policy period, 10/24/16 – 10/24/17. A claim made prior to the policy period is not covered. Section VIII.B of the Navigators Policy provides in relevant part that

> "all **Claims** involving the same **Wrongful Act** or **Related Wrongful Acts** of one or more **Insureds** will be considered a single **Claim**, and will be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such **Claim** was first made . . . ."

25. The Navigators Policy states that the term "**Related Wrongful Acts** will mean **Wrongful Act** which are logically or causally connected by reason of any common fact, circumstance, situation, transaction, event or decision."

26. Navigators contends the relief sought by the Plaintiffs in the Underlying Action is not covered under the Navigators Policy because the Underlying Action is not a claim first made during the Navigators policy period. The Underlying Action and the Doherty, Simonson and Soper Actions all qualify as related wrongful acts under the Navigators Policy, and therefore,

pursuant to the Navigators Policy, the Underlying Action is deemed to have been made at the time the Doherty Action was first filed, approximately seven years prior to the inception date of the Navigators Policy.

27. Navigators desires a judicial determination of its rights and duties under the Navigators Policy, and a declaration that there is no coverage under the Navigators Policy for the Underlying Action.

28. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Navigators and ATS may ascertain their respective rights and duties under the Navigators Policy.

WHEREFORE, Navigators prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Against ATS For Declaratory Relief – Loss)

29. Navigators incorporates the allegations in paragraphs 1 through 28 of this complaint as though fully set forth in this cause of action.

30. An actual controversy has arisen and now exists between Navigators and ATS concerning Navigators' duties under the Navigators Policy. Navigators contends the relief sought by the Plaintiffs in the Underlying Action is not covered under the Navigators Policy because the relief sought by plaintiff in Underlying Action does not constitute "Loss" as that term is defined in the Navigators Policy.

31. Under **Section I. Insuring Agreements** of the Directors and Officers Liability Coverage Part, the policy provides in relevant part that:

> **C.** . . . The Insurer will pay to or on behalf of the **Company** all **Loss** which the **Company** is legally obligated to pay as a result of a **Claim** first made against it during the **Policy Period** or the Discovery Period, if purchased, for a **Wrongful Act** by the **Company**.

32. The Navigators Policy defines the term **Loss:**

> "**Loss**" will mean compensatory damages, punitive or exemplary damages, the multiple portion of any multiplied damage award, settlements and **Costs of Defense**; provided, however, that **Loss** will not include . . . civil fines or penalties imposed by law. . . or any matter which may be deemed uninsurable under the law pursuant to which the Policy shall be construed. . . .

33. The plaintiff in the Underlying Action seeks injunctive relief, restitution and civil penalties. Injunctive relief is not compensatory damages, and not covered under the "Loss" definition of the policy. Monetary damages are not available under California Business & Professions Code § 17203. The only nonpunitive monetary relief under California Business & Professions Code § 17203 is the disgorgement of money that has been wrongfully obtained or, in the language of the statute, money which may have been acquired by means of unfair competition. Such relief is not compensatory damages and is excluded from the definition of "Loss". Plaintiff in the Underlying Action seeks civil penalties of $2,500 for each violation of Business and Professions Code section 17200, under the authority of section 17206. Plaintiffs further seek a civil penalty of $2,500 against each defendant for each violation of Business and Professions Code section 17500. Civil penalties do not fall within the definition of "Loss" and are not covered.

34. Navigators desires a judicial determination of its rights and duties under the Navigators Policy, and a declaration that there is no coverage under the Navigators Policy for the Underlying Action.

35. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Navigators and ATS may ascertain their respective rights and duties under the Navigators Policy.

WHEREFORE, Navigators prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

(Against ATS For Declaratory Relief – Related Wrongful Act Exclusion)

36. Navigators incorporates the allegations in paragraphs 1 through 35 of this complaint as though fully set forth in this cause of action.

37. An actual controversy has arisen and now exists between Navigators and ATS concerning Navigators' duties under the Navigators Policy. Navigators contends the relief sought by the Plaintiffs in the Underlying Action is not covered under the Navigators Policy because of the related wrongful acts exclusion contained in the Navigators Policy, which states:

> **A.** The insurer will not be liable under the Coverage Part to make any payment of **Loss**, including **Costs of Defense**, in connection with any **Claims** made against any **Insured**:
> . . .
> 2. based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any **Wrongful Act** or **Related Wrongful Act** or any fact, circumstance or situation which has been the subject of any notice given under any other policy of which this Coverage Part is a renewal or replacement.

38. Navigators is informed and believes and thereon alleges that ATS gave notice of the Doherty, Simonson and/or Soper Actions to one or more prior insurers. Because the Underlying Action involves the same claim as asserted in the Doherty, Simonson and Soper Actions, and because the Navigators Policy is a replacement of ATS's prior D&O liability policies, the related wrongful acts exclusion applies to preclude coverage under the Navigators Policy for the Underlying Action.

39. Navigators desires a judicial determination of its rights and duties under the Navigators Policy, and a declaration that there is no coverage under the Navigators Policy for the Underlying Action.

40. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Navigators and ATS may ascertain their respective rights and duties under the Navigators Policy.

WHEREFORE, Navigators prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

(Against ATS For Declaratory Relief – Professional Services Exclusion)

41. Navigators incorporates the allegations in paragraphs 1 through 40 of this complaint as though fully set forth in this cause of action.

42. An actual controversy has arisen and now exists between Navigators and ATS concerning Navigators' duties under the Navigators Policy. Navigators contends the relief sought by the Plaintiffs in the Underlying Action is not covered under the Navigators Policy because of the professional services exclusion contained in the Navigators Policy, which states:

> **A.** The insurer will not be liable under the Coverage Part to make any payment of **Loss**, including **Costs of Defense**, in connection with any **Claims** made against any **Insured**:
> . . .
> 11. based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving the performance by any insured of professional services for others for a fee or other compensation or remuneration. . . .

43. Plaintiff in the Underlying Action seeks to hold ATS accountable for ATS's professional services in administering the PlatePass system for a fee under contract with Hertz. "Professional services" for the purposes of the exclusion are those "arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual." In the Underlying Action, ATS is engaged in the professional services of making payments of toll fees for rental car customers. The wrongdoing alleged in the Underlying Action involves misrepresentations and omissions of fees associated with PlatePass. Thus, the professional services exclusion applies to preclude coverage for the Underlying Action.

44. Navigators desires a judicial determination of its rights and duties under the Navigators Policy, and a declaration that there is no coverage under the Navigators Policy for the Underlying Action.

45. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Navigators and ATS may ascertain their respective rights and duties under the Navigators Policy.

WHEREFORE, Navigators prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

(Against ATS For Reimbursement)

46.     Navigators incorporates the allegations in paragraphs 1 through 45 of this complaint as though fully set forth in this cause of action.

47.     Navigators reimbursed ATS for approximately $202,000 in attorney's fees, costs and expenses to defend the Underlying Action based on ATS's failure to disclose to Navigators the prior Doherty, Simonson and Soper Actions. Navigators was not obligated to reimburse ATS for any attorney's fees, costs or expenses for defending the Underlying Action and is entitled to be reimbursed by ATS for those sums.

WHEREFORE, Navigators prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION

(Against ATS and Hertz for Declaratory Relief – Equitable/Contractual Indemnity)

48.     Navigators incorporates the allegations in paragraphs 1 through 47 of this complaint as though fully set forth in this cause of action.

49.     An actual controversy has arisen and now exists among Navigators, ATS and Hertz concerning Hertz's duty to defend ATS in the Underlying Action. Navigators contends that Hertz has a contractual and equitable obligation to defend ATS in the Underlying Action because some or all of the allegations asserted in the Underlying Action are based on conduct that was the sole responsibility of Hertz under its contractual arrangement with ATS, and the Master Services Agreement imposes on Hertz a duty to defend and indemnify ATS against such claims.

50.     The Underlying Action falls within the terms of Hertz's contractual indemnity obligation to ATS under the Master Services Agreement and/or exists as a matter of common law implied indemnity.

51.     Hertz has been on notice of its duty to defend and indemnify ATS against the Underlying Action since it at least the time it was served with the Underlying Action. Navigators

is informed and believes that Hertz has failed and refused and continues to fail and refuse to defend ATS in the Underlying Action.

52. To the extent ATS claims that Navigators has an ongoing responsibility to reimburse ATS for attorney's fees, costs and expenses to defend ATS in the Underlying Action, Navigators contends, while denying it has any such duty, that if such duty is found to exist, it is excess over Hertz's duty to defend ATS in the Underlying Action. Navigators is informed and believes and thereon alleges that ATS and/or Hertz dispute Navigators' contention.

53. Navigators desires a judicial determination of its rights and duties under the Navigators Policy and Hertz's duties to defend and indemnify ATS in the Underlying Action, and seeks a declaration that Hertz's duty to defend and indemnify is primary to any coverage for the Underlying Action that may exist under the Navigators Policy.

WHEREFORE, Navigators prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

(Against Hertz for Subrogation)

54. Navigators incorporates the allegations in paragraphs 1 through 53 of this complaint as though fully set forth in this cause of action.

55. Navigators has reimbursed ATS in the amount of approximately $202,000 for attorney's fees, costs and expenses to defend ATS in the Underlying Action and ATS claims that Navigators must reimburse additional amounts. Navigators is subrogated to ATS's rights for defense and indemnity from Hertz, and stands in a position of superior equities to Hertz.

56. Hertz has a contractual and equitable obligation to defend ATS in the Underlying Action because some or all of the allegations asserted in the Underlying Action are based on conduct that was the sole responsibility of Hertz under its contractual arrangement with ATS, and the Master Services Agreement imposes on Hertz a duty to defend and indemnify ATS against such claims.

57. The Underlying Action falls within the terms of Hertz's contractual indemnity obligation to ATS under the Master Services Agreement and/or exists as a matter of common law implied indemnity.

58. Hertz has been on notice of its duty to defend and indemnify ATS against the Underlying Action since it at least the time it was served with the Underlying Action. Navigators is informed and believes that Hertz has failed and refused and continues to fail and refuse to defend ATS in the Underlying Action.

59. Navigators is therefore entitled to recovery from Hertz of all sums Navigators has or may be obligated to reimburse to ATS or to pay on behalf of ATS in the Underlying Action.

WHEREFORE, Navigators prays for judgment as set forth below.

## **EIGHTH CAUSE OF ACTION**

(Against Hertz for Contribution)

60. Navigators incorporates the allegations in paragraphs 1 through 59 of this complaint as though fully set forth in this cause of action.

61. Navigators has reimbursed ATS in the amount of approximately $202,000 for attorney's fees, costs and expenses to defend ATS in the Underlying Action and ATS claims that Navigators must reimburse additional amounts.

62. Hertz has a contractual and equitable obligation to defend ATS in the Underlying Action because some or all of the allegations asserted in the Underlying Action are based on conduct that was the sole responsibility of Hertz under its contractual arrangement with ATS, and the Master Services Agreement imposes on Hertz a duty to defend and indemnify ATS against such claims.

63. The Underlying Action falls within the terms of Hertz's contractual indemnity obligation to ATS under the Master Services Agreement and/or exists as a matter of common law implied indemnity.

64. Hertz has been on notice of its duty to defend and indemnify ATS against the Underlying Action since it at least the time it was served with the Underlying Action. Navigators

is informed and believes that Hertz has failed and refused and continues to fail and refuse to defend ATS in the Underlying Action.

65. Navigators has therefore paid more than its fair share of ATS's defense against the Underlying Action and Hertz has paid less than its fair share.

66. Navigators is entitled to recover from Hertz all sums Navigators has or may be obligated to reimburse to ATS or to pay on behalf of ATS in the Underlying Action that exceed Navigators fair share to the extent Hertz has paid less than its fair share of such fees, costs, expenses, settlement and/or judgment on behalf of ATS.

WHEREFORE, Navigators prays for judgment as follows:

## PRAYER

1. For a judicial declaration that there is no coverage under the Navigators Policy for the claims against ATS in the Underlying Action;

2. For a judicial declaration that there is no obligation under the Navigators Policy to pay for defense costs incurred to defend the ATS in the Underlying Action;

3. For a judicial declaration that Hertz is obligated to defend and indemnify ATS in the Underlying Action.

4. For a judicial declaration that any obligation Navigators may have for the defense or indemnification of ATS in the Underlying Action are excess to Hertz's defense and indemnity obligation.

5. For judgment awarding Navigators reimbursement from ATS and Hertz for the amount paid by Navigators as Costs of Defense of the Underlying Action;

6. For judgment awarding Navigators subrogation from Hertz of all sums Navigators has paid or may pay for the defense, settlement or satisfaction of judgment in the Underlying Action;

7. For judgment awarding Navigators contribution from Hertz of that portion of all sums Navigators has paid or may pay for the defense, settlement or satisfaction of judgment in the Underlying Action that exceed Navigators fair share to the extent Hertz has not paid its fair

share of the defense, settlement or satisfaction of judgment in the Underlying Action on behalf of ATS;

  8. For the costs of suit incurred herein;

  9. For such other and further relief as this Court may deem just and proper.

Dated:  November 30, 2018     G<small>REENAN</small>, P<small>EFFER</small>, S<small>ALLANDER</small> & L<small>ALLY</small> LLP

          By: /s/ Robert L. Sallander, Jr.
            Robert L. Sallander, Jr.
            Attorneys for Plaintiff
            NAVIGATORS INSURANCE COMPANY

## **DEMAND FOR JURY TRIAL**

Plaintiff Navigators Insurance Company demands trial by jury in this matter.

Dated: November 30, 2018     G<small>REENAN</small>, P<small>EFFER</small>, S<small>ALLANDER</small> & L<small>ALLY</small> LLP

          By: /s/ Robert L. Sallander, Jr.
            Robert L. Sallander, Jr.
            Attorneys for Plaintiff
            NAVIGATORS INSURANCE COMPANY